1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JESSICA A. MASSEY
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,                CASE NO.  1:20-CR-00211-DAD-BAM

12                    Plaintiff,            STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13        v.                                FINDINGS AND ORDER

14 ALBERTO BARAJAS CAMACHO,                 DATE: December 8, 2021
                                            TIME:   1:00pm
15                    Defendant.            COURT: Hon. Barbara A. McAuliffe

16

17        Defendant ALBERTO BARAJAS CAMACHO (a/k/a Carlos Eduardo Cerpas Flores) appeared

18 on a criminal complaint on November 6, 2020, and was detained on the bases of flight and danger.  Doc.

19 3, 6.  Defendant was arraigned on the indictment on November 20, 2020.  Doc. 8.  The government has

20 provided discovery to the defense and is aware of its ongoing discovery obligations.

21        This case is set for status conference on December 8, 2021.  On May 13, 2020, this Court issued

22 General Order 618, which suspends all jury trials in the Eastern District of California "until further

23 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

24 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

25 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

26 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

27

28        _____
          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME        1
   PERIODS UNDER SPEEDY TRIAL ACT

were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

1  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

3  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

4  pretrial continuance must be "specifically limited in time").

5                                                  **STIPULATION**

6          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7  through defendant's counsel of record, hereby stipulate as follows:

8          1.          By previous order, this matter was set for status on December 8, 2021.

9          2.          By this stipulation, defendant now moves to continue the status conference until March 9,

10 2022, and to exclude time between December 8, 2021, and March 9, 2022, under 18 U.S.C.

11 § 3161(h)(7)(A), B(iv) [Local Code T4].

12         3.          The parties agree and stipulate, and request that the Court find the following:

13                  a)          The government has represented that the discovery associated with this case has

14 been provided. The government is aware of its ongoing discovery obligations.

15                  b)          Counsel for defendant desires additional time to confer with his client about a

16 possible resolution, to review discovery, and to otherwise prepare for trial.

17                  c)           Counsel for defendant believes that failure to grant the above-requested

18 continuance would deny him/her the reasonable time necessary for effective preparation, taking

19 into account the exercise of due diligence.

20                  d)          The government does not object to the continuance.

21                  e)          In addition to the public health concerns cited by the General Orders and

22 declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

23 ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals

24 have been encouraged to telework and minimize personal contact to the greatest extent possible.

25 It will be difficult to avoid personal contact should the hearing proceed.

26                  f)          Based on the above-stated findings, the ends of justice served by continuing the

27 _____

28      [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

1   case as requested outweigh the interest of the public and the defendant in a trial within the

2   original date prescribed by the Speedy Trial Act.

3   g)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4   et seq., within which trial must commence, the time period of December 8, 2021, to March 9,

5   2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6   T4] because it results from a continuance granted by the Court at defendant's request on the basis

7   of the Court's finding that the ends of justice served by taking such action outweigh the best

8   interest of the public and the defendant in a speedy trial.

9   4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the

10  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11  must commence.

12  IT IS SO STIPULATED.

13  Dated:  December 2, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

17
Dated:  December 2, 2021

/s/ DAVID A. TORRES

DAVID A. TORRES
Counsel for Defendant
ALBERTO BARAJAS
CAMACHO

### **ORDER**

IT IS SO ORDERED that the status conference is continued from December 8, 2021, to **March 9, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.   Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   __December 3, 2021__           ____/s/ _Barbara A. McAuliffe_____
                                                   UNITED STATES MAGISTRATE JUDGE